ISLAND LINE SHIPPING COMPANY, Petitioner, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, Respondent.

Docket No. 3414.    Decided September 25, 1926.

1. Value of certain property at March 1, 1913, determined from
evidence.
2. Depreciation of buildings must be considered in computing loss
or gain from the sale thereof.

*John M. Platt, Esq.*, for the petitioner.
*George E. Adams, Esq.*, for the respondent.

The Commissioner asserts a deficiency in income and profits taxes
for the fiscal year ended November 30, 1919, in the amount of
$2,327.14, all of which is in controversy. The issues are (1) the
value of a certain parcel of real estate at March 1, 1913, and (2)
whether accrued depreciation should be considered in the compu-
tation of profit realized from the sale of buildings. The parties
agree that the value of the property at March 1, 1913, was greater
than cost.

### FINDINGS OF FACT.

The petitioner is a California corporation with its principal office
at San Francisco. In 1906 it erected a wooden building on leased
land at a cost of $28,221.71, and subsequently, at August 3, 1911, it
purchased such leased land, being a portion of Mission Block No. 145
of the City of San Francisco, at a cost of $39,958. In the fiscal
year ended November 30, 1919, it sold such land and building and
received therefor the net amount of $82,787. In its income and
profits-tax return for such year, it included a realized gain in the
amount of $14,565.29 in its gross income. This reported gain repre-
sented the difference between the cost and the net sales price of
the property.

Upon audit of the petitioner's income and profits-tax return for
the taxable year, the Commissioner held that the realized gain from
the transaction in question was $24,731.70, and, on February 20, 1925,
issued the notice of deficiency which is the basis of this appeal. In
arriving at such result he determined that the value of the land
was $41,911.10, and of the building $23,088.90, at March 1, 1913,
and in so doing merely accepted the figures of value at which such
property was carried on the books of the petitioner at that date.
In computing the profit from the sale in 1919, he deducted from
the basic value of the building the amount of $6,926.70, on account
of depreciation accrued on the building from such date until the
date of the sale, and thereby arrived at a cost of land and building

of $58,073.30 as the basis for computing gain from the transaction. The result of his computation was that petitioner realized a taxable profit in the amount above set forth.

The value at March 1, 1913, of the property involved in this controversy was $80,000.

### OPINION.

Lansdon: The petitioner alleges that the Commissioner erred (1) in adopting the value of the property as carried on its books at March 1, 1913, as the true market value, which value it alleges was substantially greater at that date, and (2) in the addition of depreciation sustained on the building between March 1, 1913, and the date of sale to the profit actually realized from such sale, which profit it contends must be measured by the difference between the fair market value at March 1, 1913, and the net sales price.

To establish its contention that the market value on March 1, 1913, was higher than that reflected in its books, the petitioner introduced five reputable witnesses, all of whom testified to familiarity with the value of real estate in the neighborhood of the land in question, both at March 1, 1913, and at the date of sale. All agree that such land having a frontage of 100 feet, exclusive of the building, had a value of at least $60,000 at March 1, 1913. It is also in evidence that a corner lot located only 75 feet from the land here in controversy was sold in 1912 or 1913 for $1,400 per front foot and that inside property, such as that of the petitioner, is worth about one-half as much as corner locations. The Commissioner introduced no rebutting testimony, and relies entirely on a value of $65,000, at which the petitioner carried the property on its books at March 1, 1913.

The uncontradicted evidence offered by the petitioner convinces us that the value of the property in question at March 1, 1913, was $80,000, of which the amount of $23,088.90 should be allocated to the building, and is subject to depreciation from March 1, 1913, until the date of sale at an annual rate of 5 per cent, for the purpose of computing the gain realized from the transaction. We have already decided the second issue adversely to the contention of the petitioner. *Appeal of Even Realty Co.*, 1 B. T. A. 355.

> *Order of redetermination will be entered on 20 days' notice, under Rule 50.*